■ In the Matter of SHERON VASSER, Petitioner, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Correction Commissioner, dated July 13, 1990, which dismissed petitioner from her position as a correction officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jacqueline W. Silbermann, J.], entered November 7, 1990) is dismissed, without costs and disbursements.

On August 12, 1988, petitioner was on sick leave, but not found at home when two captains from the Absence Control Unit went to check on her status, and, as a result, she was

found guilty of violating Departmental Rule 501/89 regarding sick leave. Petitioner, who had been previously disciplined for violating Departmental sick leave rules, and who had been absent from work for 523 days during the seven years of her employment, had been warned that she could be dismissed if there were any further violations. At the administrative hearing, the Hearing Officer found the captain of the Absence Control Unit's testimony more credible than that of the petitioner. The petitioner claims on appeal that the testimony including that of the captains of the Absence Control Units does not substantially support the Commissioner's determination. We do not agree. A review of the record shows the determination was supported by substantial evidence *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443).

Petitioner also claims that she was entitled to confront the first witness who testified at the hearing in the absence of her and her counsel. Petitioner, of course, is entitled to a fair hearing, which includes being apprised of the proof considered, and the opportunity to cross-examine witnesses, inspect documents, and offer rebuttal evidence *(Matter of Hecht v Monaghan,* 307 NY 461, 470). Here, counsel's claim that these rights were violated and that the hearing was improper is without merit. Counsel had the opportunity to recall or subpoena certain witnesses on petitioner's behalf but failed to do so. We have considered petitioner's remaining point and find it to be without merit. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.